**HERFERTH v NISBET et**

Ohio Appeals, 1st Dist, Clermont Co

No 118.   Decided Nov 10, 1933

Joseph L. Meyer, Cincinnati, and Benjamin S. Schwartz, Cincinnati, for plaintiff in error.

Murphy & Murphy, Cincinnati, and Stevenson & Stevenson, for defendant in error.

**OPINION**

By HAMILTON, J.

It would serve no purpose to endeavor

to analyze the evidence, which is in dispute.

The trial court held the liens good and ordered foreclosure.

It is difficult to undertake to apply the mechanic's lien laws to the facts before the court, for the reason there are voids in the chain of title and seriously disputed facts concerning the interests of the several parties.

It seems that Herferth either was the owner or later became the owner, or had a vendor's lien at the time of the building of the dwelling house on the property. There is some evidence that Strassel may have been the owner or had some interest therein. Larrick served notice of the lien, and Strassel being absent from the county, the lien notice was posted on the premises so that if Larrick's claim is proven, and the notice of the lien was filed within sixty days of the furnishing of the material, his lien would be good. The trial court found the lien good on the evidence submitted, and we will not disturb that finding.

Nisbet contracted with Strassel to furnish the lumber, and on examination of the records, found the property in the name of Herferth and served notice on Herferth. The Strassels are not complaining of the lien. Herferth makes the contest. Herferth claims he never delivered the deed to Strassel. There is evidence that he executed and delivered the deed. He claims that without recording the deed, Strassel returned it to him. Herferth was either the owner or had a vendor's lien, which would be a prior lien to a mechanic's lien, since Strassel never paid Herferth anything on the property.

Our conclusion is, that the liens are good as against the building, but are not good as against the realty, which was either the property of Herferth as owner, or was under a prior vendor's lien.

This conclusion requires a modification of the trial court's judgment. The judgment of the Court of Common Pleas will, therefore, be modified by sustaining the lien as to the building only, and not as to the land on which it is located. The judgment as so modified will be affirmed.

ROSS, J, concurs.